' PER CURIAM.
| denied. To the extent that relator claims he received an illegal sentence, see La.C.Cr.P. ’ art. 882, the court of appeal amended his sentence on direct.review to delete the parole Restrictions unauthorized by the sentencing statutes. This claim is moot. In" addition, relator’s claims about his habitual offender adjudication aré repetitive. La.C.Cr.P. art. 930.4.
Rqlator has now fully litigated six applications for post-conviction relief in state court.. Similar to federal habeas relief, see 28 U.S.C. ¡ § 22.⅜4,- .Louisiana post-conviction procedure envisions the filing of a second or-¡successive application only un *958 der the narrow circumstances provided in La.C.Or.P. art. 930.4 and within the limitations period as set out in La.C.Cr'.P. art. 930.8. • Notably, the Legislature in 2013 La. Acts 251' amended that article to make the procedural bars against successive filings mandatory. Relator’-s claims have now been fully litigated- in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.